Cox, J.
This is an action of contract to recover rent under a lease of premises at 580 Cottage Street in the City of New Bedford. The answer admits the léase but alleges that occupation of the premises for the purposes therein specified is a violation of law and of the ordinances of the City of New Bedford governing zoning, and that the defendant is therefore free from liability by the express terms of the lease. The lease was for the term of one year, commencing July 6, 1948, at a monthly rental of $65 payable in advance. The defendant entered the premises on the *191 day the lease was given and has paid the rent for one month but has declined to pay any more rent. The report, which contains all the material evidence, does not state whether the defendant is still in possession.
The leased premises are situated within a residence “B” district of the City of New Bedford. At the time of and prior to the adoption of the zoning ordinance which became effective on December 24,1925, the premises had been used as a garage and since that time the garage has been conducted as a nonconforming use permitted by the ordinance. The trial judge found that the premises were to be used as expressly provided in the lease, for the storage of machinery, equipment and bottles ordinarily associated with the bottling business and not for manufacturing.
The judge found that the use of the premises proposed to be made under the lease would be a violation of the zoning ordinance and ordered judgment for the defendant.
The lease contained the following clause:
“In the event occupation by the lessee for the purpose of storing therein machinery and equipment and bottles ordinarily associated with the bottling business shall be determined and ruled to be a violation of the Zoning Laws then this lease shall terminate, the lessee to be free from any further obligations thereunder and the lessor shall be free from any liability thereunder. ’ ’
At the close of the evidence and before final arguments both the plaintiff and defendant files requests for rulings of law.
The plaintiff claims to be aggrieved because the judge denied his fourth request for a ruling of law and allowed certain of the defendant’s requested rulings. The plaintiff’s fourth request, which the judge denied, was, that if the judge should find that the premises were to be used *192 for the sole purpose of storing therein machinery, equipment and bottles ordinarily associated with the bottling business and not for manufacturing, then the Court should rule that there is no violation of the zoning ordinances. The importance of the question of law raised by the plaintiff’s fourth request is manifest. If the judge erred in denying it then, of course, the ultimate decision would have to be in the plaintiff’s favor.
In our opinion the judge was right. The premises could legally be used as a garage even though situated within a residence district. For that purpose it was a nonconforming use permitted by the zoning ordinance. See also G. L. (Ter. Ed) c. 40, § 26, as amended. But the use of the premises contemplated in the lease was a different use from that of a garage. The fact that the proposed use may have been less onerous or more desirable for the neighborhood is of "no consequence. The important fact, and indeed the only one available to the judge on the point, was, that a different use was contemplated and that such different use was not permitted within a residence district. It has been judicially observed that relatively slight differences between existing nonconforming uses and other proposed uses have “frequently been held to constitute such a new and entirely different use as to prevent it being regarded as included within a previously existing nonconforming use” even when that question was before a tribunal having jurisdiction to permit a change or modification of the existing nonconforming use. Everpure Ice Manufacturing Company, Inc. v. Board of Appeals of Lawrence, Mass. Adv. Sh. (1949) 743, 746, and cases there collected. The district court had no such jurisdiction. See G. L. (Ter. Ed.) c. 40, § 30, as amended. The fact that a different use of the premises than that permitted as nonconforming was contemplated by the lease required the judge to rule as he did that the proposed use was illegal and to deny the plaintiff’s fourth request.
*193 The plaintiff also claims to be aggrieved because the judge granted the defendant’s requests for rulings which may be summarized as having been directed to the ending of the lease and the consequent termination of the obligations thereunder by its express terms because the use proposed would be a violation of the zoning ordinance of the City of New Bedford.
The judge’s determination that occupation of the premises for storage purposes would violate the zoning ordinance relating to a residence “B” district had the effect of releasing the defendant as lessee from any further obligations under the lease, including the obligation to pay rent. The express terms of the lease were that upon the determination of illegality the lessee was free from any further obligations under the lease. The payment of rent was such an obligation.
The judge’s determination of illegality ended the lease “by its own limitation, without any entry or other act to be done by the lessor.” Markey v. Smith, 301 Mass. 64, 69.
This conclusion is consistent with the apparent intention of the parties that the lease was to be effective only if the premises could be used for the purposes stated in the lease. No error on the part of the trial judge has been shown. Consequently, the report is to be dismissed.